# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| MISTY M. WILSON,                    ) | |
| ) | Civil Action Number: |
| ) | |
| Plaintiff,         ) | Jury Trial Demanded |
| v.                                               ) | |
| ) | |
| CHATTAHOOCHEE SLEEP CENTER, ) | |
| LLC, a Domestic Limited Liability      ) | |
| Corporation and LETITIA HOUSTON,  ) | |
| an individual and BRYANT HOUSTON ) | |
|  an individual,                                ) | |
| ) | |
| Defendants.          ) | |

## COMPLAINT

COMES NOW Plaintiff Misty M. Wilson (hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendant CHATTAHOOCHEE SLEEP CENTER, LLC ("CSL") and Defendant Leticia Houston ("Leticia Houston") and Defendant Bryant Houston ("Bryant Houston") (collectively "Defendants") on behalf of herself, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended

(hereinafter "FLSA"), and specifically provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff, of her lawful overtime wages, and § 215(a)(3) which prohibits retaliation.

2. Plaintiff was employed by Defendants, working as a sleep lab technician scheduled to work shifts from 7:00 p.m. to 7:00 a.m. (6:00 p.m. to 7:00 a.m. if child client(s) scheduled) at Defendants' sleep center located at 2410 Double Churches, Suite B Columbus, GA 31909..

3. Plaintiff was employed full time by Defendants as a sleep lab technician from on or about January, 2018 through on or about May 21, 2021 when her employment was unlawfully terminated by Defendants.

4. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

5. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

6. Plaintiff also seeks reinstatement, compensation for front pay and for the wages lost as a result of retaliatory conduct, an equal amount as liquidated

damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

8. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

9. Plaintiff Misty M. Wilson resides in Auburn, Alabama and is a citizen of the United States and submits to the jurisdiction of this court.

10. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. Plaintiff is further covered by §§ 203, 207, and 215 of the FLSA for the period in which she was employed by Defendants.

11. Defendant CSL is a limited liability corporation formed under the laws of the State of Georgia and owns and operates a sleep center in Columbus, Georgia.

3

12. Defendant Leticia Houston upon information and belief is an individual owner of CSL, and upon information and belief is a resident of Midland, Muscogee County, Georgia.

13. Defendant Leticia Houston distributed the work schedules to Plaintiff.

14. Defendant CSL Houston is the Clinical Director for CSL.

15. Defendant Bryant Houston is listed on the Articles of Incorporation of CSL found on the Georgia Secretary of State's web site as a manager in whom is vested the management of the CSL. He is also listed as the registered agent of Defendant and upon information and belief is a resident of Midland, Muscogee County, Georgia.

16. Defendant Bryant Houston, on December 6, 2018, sent to Plaintiff an offer letter to join CSL as a sleep lab technician, stating in part "[y]our salary will be $40,000 annually."

17. Defendant Bryant Houston, on May 30, 2019, sent an email to Plaintiff and other employees of CSL with a subject of "CSL Overtime," stating in part: "Team, I have been notified of several inquiries regarding overtime. Overtime with our firm applies to employees paid on an hourly basis. You are exempt from overtime if you are a full time, salaried. And have an annual income above $23,600. Translated, this means your salary is fixed, which means you get paid no

matter the work load . . . Thank you. Bryant Houston Partner Chattahoochee Sleep Center, LLC."

18. Defendants conduct business within this State and District.

19. Defendants maintained either actual or constructive control, oversight and direction of Defendants' sleep center, including the employment and pay and other practices of that operation.

20. CSL is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Bryant Houston , 11100 County Line Rd, Midland, Muscogee County, GA, 31820.

21. Defendant Leticia Houston is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the summons and of the complaint to Defendant Leticia Houston personally at 11100 County Line Rd, Midland, Muscogee County, GA, 31820.

22. Defendant Bryant Houston is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the summons and of the complaint to Defendant Bryant Houston personally at 11100 County Line Rd, Midland, Muscogee County, GA, 31820.

23. At all times material to this action, CSL was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

24. At all times material to this action, CSL was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

25. Upon information and belief, at all times material to this action, Defendant Leticia Houston was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

26. Upon information and belief, at all times material to this action, Defendant Bryant Houston was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

27. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

28. Beginning the summer of 2018 Plaintiff became a part time hourly sleep lab technician for Defendants.

29. Pursuant to an offer letter from Bryant Houston, Director of CSL, dated December 6, 2018, Plaintiff became a full-time salaried sleep lab technician on or about January, 2019.

30. At all times relevant to when Plaintiff was employed as a salaried employee as a sleep lab technician by Defendants, Plaintiff was at times required to work in excess of forty (40) hours a week.

31. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

32. At all times relevant to this action, Defendants had a policy and/or practice of not compensating Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times minimum wage at which he was by law required.

33. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

34. Defendants are liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times minimum wage at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, and 207.

35. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

36. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

37. On or about April 16, 2921, Plaintiff was contacted by former CSL employee, Ms. Henderson, that an investigation into unpaid overtime issues at CSL was begun.

38. Ms. Henderson advised Plaintiff to expect a phone call from the Department of Labor ("DOL") investigator.

39. Subsequently, Sandra Bryant ("Bryant") from the department of labor did call Plaintiff and ask that she gather the weeks that she worked over 40 hours and send it to her in an email.

40. Subsequently Plaintiff was asked by Defendant CSL Houston to cover a coworker's vacation and work extra hours.

41. Plaintiff was willing to work if paid overtime after 40 hours.

42. Plaintiff was then told over the phone by Defendant CSL Houston that CSL pay periods are the first thru the fifteenth and then the sixteenth through the end of the month and that overtime would be paid after 80 hours in any said pay period.

43. Plaintiff then contacted Bryant on May 5th to clarify that whether she should be paid overtime after 40 hours in a week.

44. Ms. Bryant agreed with Plaintiff

45. Plaintiff texted Defendant CSL Houston what Bryant had said about overtime.

46. Defendant CSL Houston texted Plaintiff back the next day that the shifts were covered and removed Plaintiff from the schedule for the extra shifts.

47. Defendants CSL and Bryant Houston on May 7th at CSL's online monthly staff meeting informed Plaintiff that we would be moved to hourly pay from salary.

48. On May 12, 2021 Defendant Bryant Houston stated that Bryant at the DOL labor had suggested that CSL move to an hourly rate.

49. Plaintiff emailed Bryant about the meeting and asked if she told CSL to put us on hourly pay.

50. Bryant called Plaintiff and said that she would call Defendant CSL Houston and that she must be confused because she only told them how to calculate for overtime after 40 hours from a salary.

51. On Friday May 21, 2021 Plaintiff received a call from Defendant Bryant Houston stating that she needed to return her key fob as they were going to have to let her go,

52. Defendants terminated Plaintiff's employment illegally in retaliation for participating with the DOL to obtain overtime pay.

53. Plaintiff is also entitled to reinstatement, compensation for front pay and for the wages lost as a result of retaliatory conduct, an equal amount as liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

54. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

55. Plaintiff demands a jury trial.

## COUNT I

56. Plaintiff repeats and incorporates by reference paragraphs 1-55 herein.

57. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

58. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime wage compensation in accordance with §§ 203 and 207 of the FLSA.

59. Defendants have not made a good faith effort to comply with the FLSA with respect to their overtime compensation of Plaintiff.

60. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## COUNT II (FLSA RETALIATION)

61. Plaintiff repeats and incorporates by reference paragraphs 1-60 herein.

62. Plaintiff engaged in protected activity (29 USC § 215(a)(3)) when she participated with the DOL in its investigation of Defendant's failure to pay overtime as required.

63. Plaintiff engaged in protected activity when she complained of being owed back overtime pay.

64. Defendants immediately terminated Plaintiff after she engaged in protected activity.

65. Defendants terminated Plaintiff in retaliation of her engaging in protected activity.

66. Defendants terminated Plaintiff in retaliation for her complaint of being owed back overtime pay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded pre- and post-judgment interest;

C. That Plaintiff be reinstated;

D. That Plaintiff be compensated for front pay;

E. That Plaintiff be compensated for the wages lost as a result of retaliatory conduct, an equal amount as liquidated damages;

F. That Plaintiff be awarded reasonable attorneys' fees;

G. That Plaintiff be awarded the costs and expenses of this action; and

H. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 31st day of May , 2011.

MARTIN & MARTIN, LLP

By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com

Georgia Bar No. 482595

Kimberly N. Martin
Kimberlymartinlaw@gmail.com
Georgia Bar No. 473410

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070

770-344-7267