# RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Release") is entered into by and among MISTY M. WILSON ("Wilson") and Chattahoochee Sleep Center, LLC, Bryant Houston, and Letitia Houston (collectively, "Defendants"). Wilson and Defendants are collectively referred to herein as the "Parties."

Wilson filed a lawsuit [1] against Defendant alleging violations of the Fair Labor Standards Act including Retaliation. Wilson filed her lawsuit on June 1, 2021 in the United States District Court, Middle District of Georgia, case number 4:21-cv-00088-CDL, which case is referred to herein as the "Litigation."

Wilson now desires and intends to settle and dismiss with prejudice the claims asserted in the Litigation and resolve all known claims she has against Defendants. THEREFORE, in consideration of the promises and covenants herein contained, and for other valuable consideration received, the sufficiency of which is hereby acknowledged, it is mutually agreed as follows:

1. <u>Settlement Terms.</u> Defendants will pay to Wilson $3,625.00 (three thousand six hundred twenty-five dollars and zero cents), payable to Wilson. Wilson will move for court approval of the settlement and, in consideration thereof and upon approval, will designate the Litigation as dismissed with prejudice. Within FIVE (5) business days of the Court's entry of an Order granting the Parties' Joint Petition for Review and Approval of Settlement and Order of Dismissal with Prejudice, or otherwise approving this Agreement, Defendants shall deliver check(s) made out to Plaintiff to her attorney; Thomas F. Martin, for the sums agreed to above.

2. <u>Release of Defendants and Covenant Not to Sue by Wilson.</u> In consideration of the payment of the above noted sum, Wilson, on behalf of herself and her successors, assignees, heirs, estates, agents, servants, and any other person or entity that would in any way have legal responsibility for (or claim any rights through) any of them, hereby unconditionally releases, remises, acquits and forever discharges Bryant Houston, Letitia Houston, Chattahoochee Sleep Center, LLC and all of its respective related business units, parent and subsidiary entities, affiliates, predecessors, successors, assignees, heirs, agents, servants, invitees, employees, and all of their past, present and future owners, officers, directors, managers, members, stockholders, shareholders, trustees, attorneys, representatives, insurers, and any other person or entity that would in any way have legal responsibility for any of the aforementioned, of and from all demands, claims, actions, causes of action, suits, rights, liabilities, obligations, debts, damages, back pay, front pay, liquidated damages, punitive and/or exemplary damages, judgments, attorneys' fees, expenses, costs, sums of money and/or other compensation, and all other claims whatsoever, in law or in equity, contract or tort, which such claims Wilson ever had or now has against any of the aforementioned releasees, including but not limited to those claims made or that could have been made in the Litigation, and further including without limitation:

a. any causes of action arising under or otherwise based in whole or in part upon Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Equal Pay Act; the Americans With Disabilities Act of 1990, as amended; the Rehabilitation Act of

1973, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Immigration Reform and Control Act, as amended; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act; the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended; the National Labor Relations Act; the Family and Medical Leave Act; the Age Discrimination in Employment ACT ("ADEA"), and the Fair Labor Standards Act;

  b. all claims or causes of action relating to unpaid minimum, overtime, or regular wages under federal law, including the Fair Labor Standards Act, as well as claims involving and/or relating to any similar state law that establishes a right to overtime, premium pay, or other wages; any claim relating to meal and/or rest periods; any claim related to bonus, benefits, commission, travel pay, or shift payments; interest on any alleged wage or overtime pay claim; any claim relating to denial of leave or other terms and conditions of employment; liquidated and/or any other form of punitive damages, and any other monetary relief, including attorney's fees and costs, for failure to pay all monies due for hours worked, with the specific and sole exception noted below regarding attorney's fees, costs and expenses associated with the Litigation;

  c. all claims or causes of action arising out of common and/or statutory laws, ordinances, and orders of the United States of America and all states of the United States, and their political subdivisions and the public policies thereof;

  d. all claims based upon any tort, including, but not limited to, negligence, defamation, invasion of privacy, fraud, misrepresentation, and infliction of emotional or mental distress;

  e. all claims relating to retaliation for complaining about wages, participating in any administrative or other proceeding relating to wages or overtime payment, for asserting any wage-related claim, or for any other underlying reason;

  f. all claims which were raised or could have been raised under any oral, express, or implied contract; and

  g. any claims arising out of or relating to Wilson's employment relationship with Defendants and/or the termination of that relationship.

  Wilson agrees that she will not commence, or continue to pursue, any legal action, arbitration, or lawsuit, participate in any other recovery, or otherwise assert any legal claim seeking relief for any claim released or waived above. This covenant not to sue does not prevent or prohibit Wilson from filing any administrative complaint or charge against the releasees noted above with any federal, state, or local agency, to the limited extent that the right to file or participate in such proceeding cannot otherwise be lawfully waived by Wilson. With regard to any such non-waivable right that may exist to participate in such a proceeding before a government administrative agency, Wilson acknowledges that she may not personally seek reinstatement, damages, penalties, or other relief in connection with any such proceeding. Wilson previously participated in a proceeding involving the Department of Labor relating to her

employment with Defendants and acknowledges that such matter is now closed and that she will not attempt to further pursue or reinitiate it.

The Parties acknowledge that this Release also does not include the attorney's fees, costs and expenses of litigation which the Parties agreed will be sought from the Court after the anticipated Approval Order, with the award going directly to Wilson's counsel in the Litigation, Thomas F. Martin.

3. <u>Further Actions</u>. Wilson agrees to take such further action and execute such additional documents as may be necessary to implement the terms and conditions of this Release, including but not limited to seeking court approval and filing the requisite paperwork to designate the Litigation as dismissed with prejudice.

4. <u>No Admissions.</u> Except as set forth herein, this Release constitutes the compromise of disputed claims, shall not be interpreted as a reflection of the merit or lack of merit of such claims, and is entered into for the sole purpose of avoiding the risk and expense of further litigation. Nothing in this Release shall constitute an admission of any wrongdoing or liability by any Defendant, and Defendants hereby expressly deny any liability in the Litigation, but agree to this compromise. Wilson alleges that Defendants did not follow the FLSA but has agreed to a compromise of her claims. Neither this Release nor any part thereof shall be, or be used as, evidence of an admission of liability by anyone, at any time, for any purpose whatsoever.

5. <u>Basis for Settlement.</u> Each party acknowledges and agrees that the terms of this Release are, and have been agreed to, for their mutual convenience, in part to avoid the expense, distraction, risk, and uncertainty of further litigation, and after considering the risks of litigation and the circumstances of their respective businesses.

6. <u>No Oral Modifications.</u> No supplement, modification, waiver, or termination of this Release shall be binding unless executed in writing by the party to be bound thereby.

7. <u>Governing Law, Venue and Jurisdiction</u>. The validity, construction and interpretation of this Release shall be governed by the laws of the State of Georgia. Any dispute arising from or related to this Release shall be litigated in the state or federal courts sitting in Muscogee County, Georgia.

8. <u>Binding Effect.</u> This Release shall be binding upon and shall inure to the benefit of the Parties, their representatives, heirs, estates, parent and subsidiary entities, members, managers, shareholders, principals, affiliates, successors, officers, directors, partners, administrators, trustees, receivers, agents, employees, executors, assigns, and all other persons and entities that could in any way have legal responsibility for, or claim any rights through, any of them.

9. <u>Non-Disparagement</u>. Wilson agrees that she will not in any way criticize or disparage Defendants (and likewise will not cause any family member, agent, or any third party acting on Wilson's behalf, to so criticize or disparage Defendants), including, but not limited to, Bryant Houston, Letitia Houston, Chattahoochee Sleep Center, LLC's officers, directors, employees, agents, and representatives, or make or solicit any comments, statements, or the like including, but not limited to, on the internet, on social media, message boards, to the media, or to any other

platform or person, that may be considered derogatory or detrimental to the good name and business reputation of Defendants. In further consideration of the promises made herein, Defendants agree that they will not in any way criticize or disparage Wilson, including to potential employers. The foregoing provisions of this paragraph will not, however, apply to occasions where Wilson or any Defendant is subpoenaed or required to give testimony or evidence and respond truthfully in accordance with the law. Neither Wilson nor Defendants will initiate contact with the press or media, and if any party is contacted by the press, the only statement that shall be made is that the matter has been resolved.

10. Good Faith. This Release is a settlement in good faith, with full knowledge of the relevant facts and circumstances. Each of the Parties, through their respective counsel, was involved in the preparation of this Release. Therefore, should a dispute arise regarding this Release or the interpretation thereof, the presumption that it should be interpreted against the drafter shall not apply.

11. Tax Treatment: Wilson understands that the settlement payment referenced herein may be subject to tax reporting obligations, and Defendants make no representation concerning the tax consequences of the settlement payment. Wilson accepts sole responsibility for any and all taxes, penalties, and/or interest that may be determined to be due and payable as a result of any payment under this Release. Wilson agrees to hold harmless and indemnify Defendants from such taxes, audits, penalties, interest, assessments, liens, judgments, or other costs that may be asserted against Defendants in relation to any payment or the treatment or characterization of the payment to Wilson.

12. Severability: If any provision of this Release, or portion thereof, shall be held invalid or otherwise not enforceable, then such provision (or portion thereof) shall be deemed automatically amended by the Parties to the minimum extent necessary to render it valid and enforceable. If the provision (or portion thereof), even as amended, would nevertheless be void as a matter of law, it shall be deemed stricken from the Release. In either event, the provisions of this Release shall be independent of and severable from each other, and no provision shall be rendered invalid, void, or unenforceable by virtue of the fact that any other provisions (or portion thereof) are invalid, void, or unenforceable, either in whole or in part.

13. Signatures. This Release may be executed in any number of counterparts, each of which when duly executed and delivered shall be an original, but all such counterparts shall constitute one and the same agreement. Any signature page of this Release may be detached from any counterpart without impairing the legal effect of any signatures, and may be attached to another counterpart, identical in form, but having attached to it one or more additional signature pages. Signatures exchanged by facsimile or by .PDF format shall be deemed original signatures.

14. Fully Understood and Voluntary. In entering into this Release, Wilson represents that the terms of this Release have been completely read and that the terms are fully understood and voluntarily accepted by him after consultation with her Attorney of Record, and that she is under no duress to enter this agreement. Rather, Wilson has sought and received the advice and approval of her attorney, Thomas F. Martin, and has fully read this entire document, and understands the meaning of the terms herein.

This Release shall be effective upon Court approval.

ACCEPTED AND AGREED TO BY:

_Misty M. Wilson_ this 10th day of January, 2022.
Misty M. Wilson

_[signature]_ this 20 day of January, 2022.
Letitia Houston

_[signature]_ this 20 day of January, 2022.
Bryant Houston

_[signature]_ this 20 day of January, 2022.
Chattahoochee Sleep Center, LLC, by: _Bryant Houston_