IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JEANNE M. HENDERSON, | * | |
| Plaintiff, | * | |
| vs. | * | |
| | | CASE NO. 4:21-CV-86 (CDL) |
| CHATTAHOOCHEE SLEEP CENTER, LLC, LETITIA HOUSTON, and BRYANT HOUSTON, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| MISTY M. WILSON, | | |
| | * | |
| Plaintiff, | | |
| | * | |
| vs. | | |
| | * | CASE NO. 4:21-CV-88 (CDL) |
| CHATTAHOOCHEE SLEEP CENTER, LLC, LETITIA HOUSTON, and BRYANT HOUSTON, | * | |
| | * | |
| Defendants. | | |
| | * | |

O R D E R

Plaintiffs Jeanne Henderson and Misty Wilson brought claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The parties reached a cumulative settlement of $6,049 after engaging in discovery but before any dispositive motions were filed. The Court approved the settlement agreement. Order (Jan. 18, 2022), 4:21-CV-86 (CDL), ECF No. 17; Order (Jan. 24, 2022), 4:21-CV-88 (CDL), ECF No. 18. The motion for approval of the settlement agreement indicated that the

settlement did not include attorney's fees and costs.  Rather, the parties agreed that the Court would determine a reasonable fee if the parties were unable to reach an agreement before filing a motion.  The parties were unable to agree on reasonable fees, and Plaintiffs filed motions seeking $74,697.00 in fees and $3,661.35 in costs.  Those motions are now ripe for the Court's review.  For the following reasons, Plaintiffs' motions (4:21-CV-86 (CDL), ECF No. 25 & 4:21-CV-88 (CDL), ECF No. 26) are granted to the extent that Plaintiffs are entitled to $41,300.00 in fees and $1,266.50 in costs.

## DISCUSSION

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  "A reasonable fee is one sufficient to attract competent counsel to represent the case, but not one that provides a windfall for attorneys."  *In re Home Depot. Inc.*, 931 F.3d 1065, 1082 (11th Cir. 2019).  "The first step in calculating a reasonable attorney's fee award is to determine the 'lodestar'–the product of multiplying reasonable hours expended times a reasonable hourly rate."  *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 802 (11th Cir. 2020) (per curiam) (quoting *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)).

## I.  Reasonable Hourly Rate

Defendants argue that Plaintiffs' claimed hourly rate of $350 for Thomas Martin is excessive because Plaintiffs provided no proof that $350 is reasonable for the Columbus, Georgia area.[1]  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Plaintiffs bear "the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.*

Plaintiffs' attorney does not provide evidence that $350 is a reasonable hourly rate for counsel of his experience level in Columbus, Georgia.  Rather, Plaintiff's counsel states that his normal rate in the Northern District of Georgia is $400 and that Plaintiffs would rely on the Court to set a reasonable hourly rate if $350 was not reasonable.[2]  Pls.' Mot. for Att'y's Fees Ex. BB, Martin Decl. 3, ECF No. 25-2.  Defendants contend that the Court should reduce this hourly rate because Plaintiffs did not carry their burden in proving the reasonableness of this hourly rate.

---

[1] Plaintiffs only provide an affidavit from Thomas Martin, who claims to be the "lead counsel" in these actions.  It is unclear if Kimberly Martin performed any substantial work on these matters.

[2] The Court's following citations refer to documents in Henderson's action, 4:21-CV-86 (CDL), but identical documents were filed in Wilson's action.

Defendants argue that $275 is a more reasonable hourly rate, as it was what the Court awarded to one attorney in *Smith v. Martin Marietta Materials, Inc.*, 2021 WL 5141864 (M.D. Ga. Nov. 3, 2021).

Based upon its familiarity with reasonable hourly rates in this district and division, the Court finds that $350 per hour is reasonable here. Thomas Martin has practiced employment law for approximately fifteen years and has represented hundreds of plaintiffs in FLSA matters. Martin Decl. at 3. Julie Johnson, who the Court awarded $275 per hour in *Smith*, only had eight years of experience. *Smith*, 2021 WL 5141864, at *2. In contrast, the Court approved a $400 hourly rate in that same case for Johnson's co-counsel who had over twenty years of experience. *Id.* at *3. Plaintiffs' counsel should have done a better job of supporting its position that $350 is a reasonable hourly rate here. Nevertheless, the Court knows that this rate is reasonable based on counsel's experience and the Court's familiarity with the local market, and thus accepts that as the appropriate rate in this case.

## II. Hours Reasonably Expended

Defendants next object to the number of hours Plaintiffs' counsel billed for this matter. Defendants provided particularized objections to 188.92 of Plaintiffs' claimed 213.42 billable hours.[3] Defs.' Resp. to Pls.' Mot. for Att'y's Fees Ex.

---

[3] Defendants' objections are color-coded. Entries highlighted in green are those objected to as clerical. Entries highlighted in yellow are

4

A., Defs.' Objections to Pls.' Timesheet, ECF No. 29-1 (hereinafter "Defs.' Objections"). Defendants argue that these hours are not compensable because they involve clerical tasks or are otherwise unreasonable, redundant, or involve overly vague tasks.

A. Compensable Work

The Court finds that most of the challenged hours are compensable. Defendants' argument that Plaintiffs engaged in unnecessary research and spent excessive hours on simple documents is unpersuasive. Of the challenged hours, a few involve legal research. Even experienced FLSA counsel need to research basic legal issues relevant to their clients' cases, and the Court does not find that the research involved areas of law that were clearly irrelevant to Plaintiffs' claims. Further, the Court does not find any of the billed hours for document preparation or review excessive.[4] Finally, most of the tasks Defendants identify as "clerical" involve significant non-clerical work. For example, "finaliz[ing] and fil[ing]" the complaint for Wilson's action on June 1, 2021, for which Plaintiffs billed 1.8 hours, involved "finalizing" the complaint, which is clearly compensable. *Id*. at

---

those objected to as vague or unreasonable. Entries highlighted in red are those objected to as redundant.

[4] For example, Defendants object for 1.3 hours in Wilson's case spent on preparing a request for documents on September 2, 2021. Defs.' Objections at 2. Defendants claim that this request was simple and only contained six items. Even if this request was simple, the Court does not find that 1.3 hours was an excessive amount of time to spend on this task.

5

2. Defendants' objections are overly broad and seek to delete hours with too broad of a brush.

### B. Non-Compensable Work

Defendants also object to the following charges. Plaintiffs claim 74.8 hours for time spent on emails for a total of $26,180 and 10.72 hours for time spent on phone calls for a total of $3,752. *Id*. at 1. Additionally, Plaintiffs billed 7.5 hours for work on a statement of material facts in Henderson's action, presumably for an anticipated summary judgment motion. *Id*. at 4. Defendants argue that Plaintiffs should not be awarded fees for this time because Plaintiffs did not provide any description of the subject matter of the emails or phone calls and because no summary judgment motions were filed.

The Court finds that Plaintiffs' counsel has not adequately documented the purpose of the emails or phone calls, and thus the Court cannot properly determine whether they were reasonably necessary. Generally, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiffs appear to break down the claimed hours per each individual email sent and received and the minutes spent on phone calls each month, but Plaintiffs do not describe the subject or purpose of each email or phone call. Defs.' Objections at 6-10. Thus, the Court cannot assess Plaintiffs' claimed hours for reasonableness or redundancy.

6

The Court also is skeptical of the accuracy of these charges given that Plaintiffs' counsel acknowledges that they include only a "conservative estimated time" spent on these matters rather than billing contemporaneously. *Id.* at 6. Accordingly, the Court does not award fees for the phone calls and emails.

Plaintiffs' counsel states that they spent 7.5 hours preparing a statement of material facts in Henderson's action in November 2021, presumably for a summary judgment motion or for a response to an anticipated summary judgment motion. But summary judgment motions were never filed, and the parties in fact filed a notice of settlement in mid-December 2021, well in advance of the dispositive motions deadline of March 4, 2022. Scheduling & Disc. Order 3, ECF No. 11. Without more explanation from Plaintiffs' counsel regarding this item, the Court cannot find that these charges were reasonably necessary under the circumstances.

Finally, Defendants correctly identify certain entries as clearly clerical tasks. And thus they are not compensable at a lawyer's hourly rate. Specifically, Plaintiffs billed 0.5 hours for sending a draft order on January 13, 2021 in Wilson's action and 0.5 hours of time for forwarding a prepared notice of deposition on October 11, 2021. Defs.' Objections at 3, 5. Similarly, Plaintiffs billed 1.4 hours for sending a declaration and motion to approve in Wilson's action on January 13, 2022. *Id.*

7

at 3. Plaintiffs do not indicate that any of the billed time for these entries accounted for time spent in preparing the sent documents. The Court finds that the 2.4 hours identified above are not compensable.

### C.   Plaintiffs' Limited Success

Defendants argue that the Court should make a downward adjustment to the lodestar to account for Plaintiffs' limited success. Defendants argue that Plaintiffs settled for roughly what was offered prior to litigation and that Plaintiffs only recovered a fraction of their claimed damages. While the Court may adjust the fee upward or downward based on the results obtained, there is a "strong presumption" that the lodestar represents a reasonable fee.[5] *In re Home Depot Inc.*, 931 F.3d at 1082. Defendants note that Plaintiffs settled for a combined total of $6,049 when they were offered $2,121.28 prior to trial. Defendants also point out that Plaintiffs recovered far less than the nearly $50,000 that they sought to recover.

The Court does not find that a reduction in the lodestar is warranted based on the results obtained. While Plaintiffs recovered far less than they originally sought, they still recovered nearly $4,000 more than what they were offered prior to

---

[5] In determining the "reasonable hourly rate," the Court may consider the twelve factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The degree of success obtained by a plaintiff is one of these factors.

8

trial. The Court finds that a reduction based on the ultimate result here is not appropriate.

### III. Calculation of the Lodestar

Based on the foregoing considerations, Plaintiffs are entitled to recover $41,300.00 in attorney's fees calculated as follows:

| Client | Hours | Rate | Total |
|---|---|---|---|
| Henderson | 19.2 | $350 | $6,720.00 |
| Wilson | 58.4 | $350 | $20,440.00 |
| Joint | 40.4 | $350 | $14,140.00 |
| **Total** | **118** | **$350** | **$41,300.00** |

### IV. Plaintiffs' Costs

Plaintiffs also seek $3,661.35 in costs. Defendants do not object to the $402 filing fee for one case. Defendants object to all of Plaintiffs' remaining claimed costs, arguing that Plaintiffs do not provide documentation of these costs and that the costs are otherwise unreasonable. Specifically, Defendants note that Plaintiffs provide no documentation, other than the number listed in Plaintiffs' self-prepared spreadsheet, of the $2,394.85 in deposition costs and the $462.50 expense for the summons service fee. Defs.' Objections at 10-12. Defendants also state that there should have been no expenses for summons because Plaintiffs could have requested waiver of service under Federal Rule of Civil Procedure 4(d). Finally, Defendants state that

9

Plaintiffs should not be awarded the filing fees for both cases because the cases could have been brought together.

Plaintiffs' counsel has failed to substantiate the reasonableness of some of the costs that they seek. Instead of providing proof of those costs, they simply include them as a line item on a self-prepared spreadsheet. Plaintiffs are entitled to their filing fees in both actions and a reasonable amount for service of the complaints. The filing fees total $804, which the Court finds reasonable. The Court also finds that Plaintiffs shall recover their fees for service of the complaints in the amount of $462.50. Plaintiffs have failed to establish the reasonable cost of depositions and thus those costs are not recoverable.

Plaintiffs shall recover costs in the amount of $1,266.50 in addition to the attorney's fees previously noted.

CONCLUSION

For the foregoing reasons, Plaintiffs' motions for attorney's fees and costs (4:21-CV-86 (CDL), ECF No. 25 & 4:21-CV-88 (CDL), ECF No. 26) are granted. Plaintiffs may recover $41,300.00 in fees and $1,266.50 in costs.

IT IS SO ORDERED, this 13th day of June, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA